**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert H McDonald, Jr, | No. CV-22-02197-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Exeter Finance LLC, | |
| Defendant. | |

This order resolves three motions: (1) Defendant's motion to dismiss (Doc. 7), (2) Plaintiff's motion to remand (Doc. 8), and Plaintiff's motion for leave to amend his response in opposition to Defendant's motion to dismiss (Doc. 17).

First, Plaintiff's motion to remand (Doc. 8) is denied. Defendant timely removed this case to federal court because Plaintiff's complaint includes a claim under the federal Fair Credit Reporting Act ("FCRA"). (Doc. 1.) The Court therefore has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367(a).

Second, Plaintiff's motion to amend his response in opposition to Defendant's motion to dismiss (Doc. 17) is denied. Plaintiff initially failed to respond to Defendant's motion to dismiss within the 14-day deadline, so the Court on its own granted Plaintiff an additional 14 days in which to respond. (Doc. 9.) Plaintiff then filed a response (Doc. 11), and Defendant filed a reply (Doc. 12). A month after Defendant filed its reply, Plaintiff moved for leave to amend his response, but his proposed amendment is actually a

wholesale rewrite of his response. (Doc. 18-2.) This is not how civil litigation works. The rules allow Plaintiff to file one response, and Defendant to file one reply. They do not allow Plaintiff to rewrite his response brief once Defendant files a reply demonstrating its deficiencies.

Lastly, Defendant's motion to dismiss is granted. Plaintiff alleges that he refinanced his car loan with The Savings Group Inc., d/b/a Autopay, but was concerned that Autopay failed to properly sign the refinance contract. The contract later was assigned to Defendant, who Plaintiff accuses of violating certain provisions of the Arizona Uniform Commercial Code ("UCC") and § 44-286 of Arizona's Motor Vehicle Time Sales Disclosure Act, and failing to submit accurate information to credit bureaus in violation of the FCRA. (Doc. 1-3 at 5-8.)

Plaintiff's claims under the UCC are dismissed because the sections at issue—§§ 47-2601 and 47-2612—do not apply to secured transactions, such as Plaintiff's car loan refinancing. *See* A.R.S. § 2102 (noting that Chapter 2 of Arizona's UCC "does not apply to any transaction . . . intended to operate only as a security transaction"). Plaintiff's claim under the Motor Vehicle Time Sales Disclosure Act fails because there is no private cause of action under that provision. *See Borowsky v. Brooks*, No. CV 2018-015307, 2019 WL 13144046, at *3 (Ariz. Super. Aug. 01, 2019). Likewise, to the extent Plaintiff is attempting to raise a claim under A.R.S. § 28-2051, regarding Defendant's alleged failure to perfect the lien, the claim fails because there is no private right of action under that statute. Instead, a violation of § 28-2051 is a civil traffic violation enforceable by "[a] peace officer, or duly authorized agent or someone paid to act on behalf of a traffic enforcement agency[.]" A.R.S. § 28-1593(B); *see also* A.R.S. § 28-121(B) ("A violation of or failure or refusal to do or perform an act or thing required by chapter . . . 7 . . . of this title is a civil traffic violation . . . Civil traffic violations are subject to chapter 5, articles 3 and 4 of this title."). Finally, the Court agrees with Defendant that the complaint, as currently drafted, fails to state a plausible FCRA claim because the allegations are conclusory and do not even identify the particular section of the FCRA Plaintiff believes Defendant violated. *See*

*Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (noting that, to avoid dismissal, a complaint must contain sufficient non-conclusory factual allegations to make a claim plausible on its face). However, this defect is potentially curable, so the Court will dismiss the FCRA claim with leave to amend.

**IT IS ORDERED** as follows:

1. Plaintiff's motion to remand (Doc. 8) is **DENIED**.

2. Plaintiff's motion for leave to amend his response brief (Doc. 17) is **DENIED**.

3. Defendant's motion to dismiss (Doc. 7) is **GRANTED**.

4. Plaintiff shall have until <u>**October 20, 2023,**</u> to file an amended complaint if he believes he can allege sufficient factual matter to state a plausible FCRA claim. If Plaintiff does not file an amended complaint within this deadline, the Clerk shall terminate this case without further order of the Court.

Dated this 27th day of September, 2023.

Douglas L. Rayes
United States District Judge